IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1919 Pennsylvania Avenue, NW<br>Suite 650<br>Washington, DC 20006,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD 20740-6001<br><br>  and<br><br>THE WILLIAM J. CLINTON<br>PRESIDENTIAL LIBRARY<br>1200 President Clinton Avenue<br>Little Rock, AR 72201<br><br>    Defendants. | Civil Action No._____ |

## COMPLAINT

1.   Plaintiff Cause of Action Institute brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking records under two FOIA requests. The first request seeks access to records relating to communications between Defendant National Archives and Records Administration ("NARA") and Defendant William J. Clinton Presidential Library ("Clinton Library"). The second request seeks records related to efforts by NARA and the United States Department of State ("State Department") to recover federal records unlawfully removed from State Department custody by former Secretary of State Hillary Clinton.

**JURISDICTION AND VENUE**

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii).

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Cause of Action Institute is a non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, Plaintiff uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. Plaintiff regularly requests access under FOIA to the public records of federal agencies, entities, and offices, and disseminates its findings, analysis, and commentary to the general public.

5. NARA is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Plaintiff seeks access and which are the subject of this Complaint.

6. The Clinton Library is an agency within the meaning of 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records to which Plaintiff seeks access and which are the subject of this Complaint.

**FACTS**

**A.  FOIA Request to the Clinton Library – NARA No. NGC15-364**

7. By letter, dated September 14, 2015, Plaintiff submitted a FOIA request to the Clinton Library seeking all communications between the Clinton Library Director and former Secretary of State Hillary Clinton and any of her agents or representatives, as well as all

communications between the Clinton Library Director and NARA relating to the records of former Secretary Clinton.  Ex. 1.

8. This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

9. As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and applicable regulations.  Ex. 1 at 1–2.

10. Plaintiff also sought a public interest fee waiver and to be classified as a representative of the news media.  *Id*. at 2–3.

11. By email, dated September 16, 2015, on behalf of the Clinton Library, NARA acknowledged receipt of Plaintiff's FOIA request and assigned it FOIAonline tracking number NARA-NGC-2015-613.  Ex. 2.  NARA later assigned the request the internal tracking number NGC15-364.  *See* Ex. 6.

12. By emails, both dated September 23, 2015, NARA granted Plaintiff's requests for expedited processing and a public interest fee waiver.  Exs. 3–4.

13. By letter, dated October 15, 2015, Plaintiff wrote to Defendants to explain that, although its request for expedited processing had been granted, the agencies had failed to provide it.  Ex. 5.  In particular, the letter explained that Defendants "do not have 'unfettered discretion to determine when to process expedited requests[.]'  An agency that 'violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request "as soon as practicable."  That is, a *prima facie* showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard

FOIA requests.'" *Id*. at 2 (quoting *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38–39 (D.D.C. 2006)).

14.  Plaintiff explained further that "[i]n none of NARA's communications with Cause of Action, however, has it invoked any of the 'unusual circumstances' under which the statute allows for a delayed response, nor has it or the Library justified the failure to make a final determination within the presumptive twenty-day period applicable to the expedited processing of FOIA requests.  Therefore, NARA and the Library have failed to provide expedited processing and otherwise are in violation of their statutory obligations to make a final determination within twenty business days." *Id.*

15.  By letter, dated October 16, 2015, NARA responded to Plaintiff by confirming that it had granted the request expedited processing and "advis[ing] that [the] request has been placed behind two older FOIA requests for which [they had] previously granted expedited processing." Ex. 6.  NARA stated that it "will process [the] request as soon as practicable when it rises to the top of our expedited request queue." *Id*.

16.  On January 7, 2016, NARA telephoned Plaintiff to inform it that NARA was still processing the request but that it was unable to provide a timeframe for when it would complete that processing.

17.  It has now been five months since Plaintiff submitted its FOIA request to the Clinton Library but it has not received a final determination letter or production of any responsive records from either Defendant.

**B.   FOIA Request to NARA – NARA No. NGC16-001**

18.  By letter, dated September 22, 2015, Plaintiff submitted a FOIA request to NARA seeking records relating to its communications with the State Department concerning efforts to

recover federal records unlawfully removed from State Department custody by former Secretary of State Hillary Clinton.  Ex. 7.

19.     This FOIA request reasonably describes the records sought and was made in accordance with published rules and procedures, as required by 5 U.S.C. § 552(a)(3)(A).

20.     As this FOIA request concerned a breaking news story of general public interest and its subject was time sensitive, Plaintiff requested expedited processing in accordance with FOIA and applicable regulations.  Ex. 7 at 2.

21.     Plaintiff also sought a public interest fee waiver and to be classified as a representative of the news media.  *Id*. at 3–4.

22.     By email, dated October 2, 2015, NARA acknowledged receipt of the request and assigned it FOIAonline control number NARA-NGC-2015-647.  Ex. 8.

23.     By email, also dated October 2, 2015, NARA again acknowledged receipt of the request, assigned it a new FOIAonline control number NARA-NGC-2015-648, and granted Plaintiff's request for expedited processing.  Ex. 9.

24.     Three days later, on October 5, 2015, NARA sent a third acknowledgement email, assigned the request FOIAonline control number NARA-NGC-2015-649, and again granted Plaintiff's request for expedited processing.  Ex. 10.  This response also granted Plaintiff a public interest fee waiver.  *Id.*

25.     After Plaintiff brought these multiple responses to NARA's attention, NARA clarified that the proper FOIAonline control number moving forward was NARA-NGC-2015-648 and reaffirmed that Plaintiff's "fee waiver and expedited processing requests are still granted[.]"  Ex. 11.  NARA also assigned the request internal case number NGC16-001.  *Id*.

26.     By email, dated October 29, 2015, in response to a request for a status update, NARA wrote to Plaintiff explaining that it was "still gathering information in response to [the] September 22, 2015 request.  We apologize for the delay in our response, which was caused by the need to consult with several other National Archives and Records Administration departments."  Ex. 12.

27.     It has now been almost five months since Plaintiff submitted this FOIA request to NARA but it has received no final determination letter or production of documents.

## COUNT 1
### (Both Defendants)

### Violation of FOIA: Failure to Comply with Statutory Deadlines

28.     Plaintiff repeats paragraphs 1 through 27.

29.     FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  5 U.S.C. §§ 552(a)(6)(A)–(B). If an agency requires additional time, FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

30.     FOIA requires each agency to promulgate regulations providing for expedited processing of FOIA requests and to make a determination on requests for expedited processing within ten (10) calendar days.  *Id.* § 552(a)(6)(E)(i)–(ii).

31.     On information and belief, FOIA requests to the Clinton Library, as with those sent to NARA, are processed pursuant to NARA's FOIA regulations.

32.     NARA's FOIA regulations provide that requests and appeals shall be taken out of order and given expedited treatment if the "matter [is] of widespread and exceptional media

interest in which there exist possible questions that affect public confidence in the Government's integrity[.]" 36 C.F.R. § 1250.28(a)(4).

33. An agency presumptively fails to meet its expedited processing obligations when it fails to meet the standard twenty-day deadline for the processing of a FOIA request. *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006).

34. NARA granted expedited processing for Plaintiff's FOIA requests NGC15-364 and NGC16-001.

35. Defendants have failed to issue a final determination on or produce any documents responsive to either of Plaintiff's requests within the applicable FOIA time limits.

36. Defendants also failed to comply with FOIA in that they never "arrange[d] . . . an alternative time frame" for responding to the FOIA requests. None of NARA's acknowledgement letters or other responses provide an estimated date of completion or an invitation to contact the agency for the purposes of negotiating an "alternative" response date for either of the requests.

37. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests and prays that this Court:

a. order Defendants to process FOIA requests NGC15-364 and NGC16-001 expeditiously and make a final determination within twenty (20) business days of the date of the Order;

b. order Defendants to produce all responsive records promptly after issuing their final determinations;

 c. order Defendants to issue a *Vaughn* index accompanying the records produced explaining each redaction or withholding;

 d. award Plaintiff its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

 e. grant such other relief as the Court may deem just and proper.

Date: February 12, 2016          Respectfully submitted,

                 /s/ R. James Valvo, III

                 R. James Valvo, III
                 (D.C. Bar. No. 1017390)
                 james.valvo@causeofaction.org

                 Cause of Action Institute
                 1919 Pennsylvania Ave., NW, Suite 650
                 Washington, DC 20006
                 Telephone: (202) 499-4232
                 Facsimile: (202) 330-5842

                 *Counsel for Plaintiff*